

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ROY PERKINS, §
 §
    Applicant, §
 §
VS. § NO. 4:18-CV-619-A
 §
ERIC WILSON, WARDEN, §
 §
    Respondent. §

MEMORANDUM OPINION AND ORDER

Came on for consideration the application of Roy Perkins ("applicant") for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The court, having considered the application, the response of Eric Wilson, Warden, the record, and applicable authorities, finds that the motion must be dismissed.

I.

Underlying Proceedings

By judgment signed April 27, 2007, applicant was sentenced to serve a term of imprisonment of 327 months to be followed by a 5-year term of supervised release in a case pending in the Lubbock Division of this court. Doc.[1] 11, Ex. A. The record in that case, No. 5:06-CR-023-08-C, of which the court takes judicial notice, reflects that applicant did not appeal.

---

[1] The "Doc. __" reference is to the number of the item on the docket in this action.

On July 17, 2008, applicant filed a motion to reduce term of imprisonment under 18 U.S.C. § 3582(c)(2), Lubbock CR Doc.[2] 388, which was denied by order signed November 12, 2008, Id. 409. Applicant appealed, id. 410, and the order was affirmed, id. 468, 469. While the appeal was pending, applicant filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, which was assigned Civil Action No. 5:09-CV-212-C. Id. 450; Lubbock Doc.[3] 1. By order and final judgment signed April 23, 2010, the court denied his motion. Lubbock Docs. 9-10. Applicant appealed, id. 11, and the denial of relief was affirmed, id. 24, 25. Applicant filed a motion for relief from judgment, id. 26, which was denied as frivolous by order signed July 25, 2012, id. 27. Applicant again appealed, id. 28. The appeal was dismissed for want of prosecution. Id. 31.

Applicant sought leave at least twice from the United States Court of Appeals for the Fifth Circuit to file a successive motion under § 2255. Doc.11 at 12-14. In its Case No. 17-10603, the Fifth Circuit imposed a monetary sanction of $1,000.00

---

[2] The "Lubbock CR Doc. __" reference is to the number of the item on the docket of the underlying criminal case, No. 5:06-CR-023-08-C.

[3] The "Lubbock Doc. __" reference is to the number of the item on the docket of the civil action pertaining to applicant's motion under § 2255.

2

against applicant and ordered:

> Until that sanction is paid, Perkins may file no more appeals or initial pleadings challenging the validity of this conviction and sentence, whether those challenges are governed by 28 U.S.C. § 2241, § 2255, or any other statutory provision, in this court or in any court under this court's jurisdiction. We WARN Perkins that future frivolous, repetitive, or otherwise abusive challenges to this conviction and sentence in this court or any court subject to this court's jurisdiction will subject him to additional and progressively more severe sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court or any court subject to this court's jurisdiction.

Id. at 14. The sanction has not been paid. Accordingly, this action, which challenges the judgment in the underlying criminal case, should not have been filed.

II.

Sanctions

Despite having been sanctioned by the Fifth Circuit and denied the right to make any further filings until that sanction was paid, applicant has again filed a motion challenging the validity of his conviction and sentence. The court finds that a further imposition of sanctions is appropriate and that applicant should be barred from any future filings until all sanctions have been paid and until applicant has been granted leave of court to make any such filing.

II.

## Order

The court ORDERS that the application be, and is hereby, dismissed.

The court further ORDERS that applicant pay a monetary sanction of $500.00 payable to the clerk of this court. Until that sanction and the sanction owed to the Fifth Circuit are paid, and applicant has obtained leave of court, applicant may file no more appeals or initial pleadings challenging the validity of his conviction and sentence, whether those challenges are governed by 28 U.S.C. § 2241, § 2255, or any other constitutional, statutory, or common law provision, in this court. The court cautions applicant that future frivolous, repetitive, or otherwise abusive challenges to his conviction and sentence in this court may subject him to additional and progressively more severe sanctions.

SIGNED September 4, 2018.

_____
JOHN McBRYDE
United States District Judge